UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 20-707(DSD/ECW)

Kim Diane Handy Jones, as Trustee
for the next of kin of
Cordale Quinn Handy,

        Plaintiff,

v.

City of St. Paul, Minnesota;
St. Paul Police Officer
Mikko Norman, in his individual
and official capacities;
St. Paul Police Officer
Nathaniel Younce, in his individual
and official capacities,

        Defendants.

<u>THE COURTS INSTRUCTIONS
TO THE JURY - DAMAGES
PHASE</u>

RECEIVED
AUG -3 2023
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
AUG -3 2023
U.S. DISTRICT COURT MPLS

INSTRUCTION NO. __1__

MEMBERS OF THE JURY:

All of the instructions I have given you throughout the trial, including in the instructions I recently gave to you regarding liability, continue to apply. You may refer to the written instructions previously provided to you in assessing damages in this case.

INSTRUCTION NO. 2

You have determined that Officer Younce used excessive force and wrongfully caused Mr. Handy's death. As a result, you must consider monetary damages for the family members represented by plaintiff as the trustee for Mr. Handy's next of kin. That means you will determine an amount of money that will fairly and adequately compensate Mr. Handy's next of kin for the losses they suffered as the result of his death. In doing so, you should consider what Mr. Handy would have provided to his next of kin if he had lived.

Consider the following factors in making that determination:

1. His past financial contributions to the family;

2. His life expectancy at the time of his death;

3. His health, age, habits, talents, and success;

4. All reasonable expenses incurred for his funeral and burial;

5. The counsel, guidance, and aid he would have given his family; and

6. The advice, comfort, assistance, companionship, and protection that he would have provided to his family if he had

2

lived.

Decide the length of time family members might be expected to survive together. You should compare the life expectancy of Mr. Handy with the life expectancy of each family member.

Consider only the amount of time Mr. Handy and each family member would have shared together. Base any money damages for each family member on the shorter of each life expectancy.

Do not include monetary amounts relating to the following:

1. Punishment for defendants;
2. Grief or emotional distress of the family; or
3. The pain and suffering of Mr. Handy before his death.

You must determine the total amount of money that will fairly and adequately compensate Mr. Handy's family for the damages suffered as the result of his death. The court will divide the damages among the next of kin, as appropriate.

3

INSTRUCTION NO. 3

If you find that plaintiff has failed to establish that any damages related to her constitutional claim have monetary value, then you must return a verdict for plaintiff in the nominal amount of $1.00.

INSTRUCTION NO. 4

The following is a mortality table that can be used by you as evidence of the average life expectancy of a person who has attained a certain age. This number is not conclusive but it can be used by you as evidence along with the other evidence in this case to determine Mr. Handy and certain of his family members' life expectancies.

You have received evidence in the form of the mortality table, identified as Plaintiff's Exhibit #81, about the life expectancy of Mr. Handy and his next of kin from the time of the shooting and thereafter. The life expectancy of any individual person depends more on the circumstances of his or her own life than it does on the expectancy of the lives of others.

The life expectancy evidence you have heard, both the documentary tables and the witness's testimony, are not to be accepted by you as establishing the life expectancy of anyone, including Mr. Handy and his next of kin. Such evidence has been received in evidence only to aid you, the jury, in your decision of what Mr. Handy's and his next of kin's life expectancy might reasonably be expected to be, in view of all

5

the circumstances of his or her life only for the purpose of your determining damages in this case. In this regard, you must consider all the evidence received by the court and all the instructions the court has given you and will give you in this case.

According to the mortality table in evidence:

- The average life expectancy of black males between 18-19 is 51.1 years;

- The average life expectancy of black males between 29-30 is 41.6 years;

- The average life expectancy of black males between 41-42 is 31.5 years;

- The average life expectancy of black males between 23-24 is 46.7 years;

- The average life expectancy of black females between 29-30 is 48 years; and

- The average life expectancy of black females between 58-59 is 22.8 years.

INSTRUCTION NO. 5

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award punitive damages.

If you find in favor of plaintiff and if it has been proved that the conduct of Officer Younce was done maliciously or with reckless indifference to Mr. Handy, then you may, but are not required to, award plaintiff an additional amount of money as punitive damages for the purposes of punishing defendants for engaging in misconduct and discouraging defendants and others from engaging in similar misconduct in the future. You should presume that plaintiff has been made whole for her injuries, and those of Mr. Handy's other family members, by the damages as set forth in Instruction No. 2.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How reprehensible the officer's conduct was. In this regard, you may consider whether there was intentional malice, reckless disregard for human health or safety; whether the officer's conduct also posed a risk of harm to others; whether

7

there was any repetition of the wrongful conduct and past conduct of the sort that harmed Mr. Handy.

2. How much harm the officer's wrongful conduct caused plaintiff and could cause the plaintiff in the future.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering the officer's financial condition, to punish him for his wrongful conduct and to discourage the officer and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to plaintiff.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 20-707(DSD/ECW)

Kim Diane Handy Jones, as Trustee
for the next of kin of
Cordale Quinn Handy,

        Plaintiff,

v.                                                **VERDICT FORM - DAMAGES**

City of St. Paul, Minnesota;
St. Paul Police Officer
Mikko Norman, in his individual
and official capacities;
St. Paul Police Officer
Nathaniel Younce, in his individual
and official capacities,

        Defendants.

We, the jury, return the following unanimous verdict:

1. What sum of money will fairly and adequately compensate Mr. Handy's next of kin for their injuries, damages, and harm?

    $_____

2. Do you find by a preponderance of the evidence that defendant Nathaniel Younce's conduct was malicious or recklessly indifferent?

    YES _____        NO _____

*If you answered "NO" to Question 2, your deliberations are complete and you should have your foreperson sign and date this form.*

*If you answered "YES" to Question 2, please continue to Question 3.*

3. If you determined that defendant Nathaniel Younce's conduct was malicious or recklessly indifferent, what, if any, amount of punitive damages is awarded?

$_____

Dated: _____, 2023

_____
FOREPERSON

2

INSTRUCTION NO. 6

On retuning to the jury room, the foreperson will again preside over your deliberations, and will be your spokesperson here in court.

A verdict form as to damages has been prepared for your convenience and reads as follows:

*[Form of verdict read.]*

As before, you will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the form to state the verdict on which you unanimously agree, and then return with your verdict to the courtroom.

9

INSTRUCTION NO. 7

As I instructed you before, if it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

Please keep in mind that the bailiffs and other persons are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear again in mind also that you are never to reveal to any person - not even to me - how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

10