```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOATA
              Civil No. 20-707(DSD/ECW)
```

Kim Diane Handy Jones, as Trustee for the
next of kin of Cordale Quinn Handy,

        Plaintiff,

V.                                                                **ORDER**

City of St. Paul, Minnesota; St. Paul Police
Officer Mikko Norman, in his individual and
official capacities; St. Paul Police Officer
Nathaniel Younce, in his individual and official
capacities,

        Defendants.

This matter is before the court upon plaintiff Kim Handy Diane Jones's motion for attorney's fees, reimbursement of costs, and prejudgment interest. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is denied.

**BACKGROUND**

The court will provide a brief background relevant only to the present motion, as the case is well documented in previous orders. On August 2, 2023, a jury concluded that St. Paul police officer Nathaniel Younce used excessive force against Cordale Quinn Handy, plaintiff's son, causing his wrongful death. The other officer involved in the incident, Mikko Norman, was found not liable. The City of St. Paul, as Younce's employer, is

vicariously liable for his actions. The jury awarded plaintiff Kim Handy Diane Jones, as trustee for the estate of Cordale Quinn Handy, $10 million in compensatory damages and $1.5 million in punitive damages. Plaintiff now seeks to recover $3,492,675.00 in attorney's fees under 42 U.S.C. § 1988 and $3,191,308 in prejudgment interest.[1]

## DISCUSSION

### I. Attorney's Fees

Plaintiff's attorney's fee request is rather puzzling given that she signed a contingency fee agreement with her counsel for "one-third of any monetary recovery plus reimbursement of expenses." ECF No. 131, at 14. Under this agreement, plaintiff's counsel would receive $3,450,000 in fees from the $11.5 million award in this case, which would result in a total award to plaintiff of $8,050,000. But it appears through this motion that plaintiff instead believes she is entitled to receive the entirety of the $11.5 million award and to require defendants to pay an additional $3,492,675.00 in attorney's fees to cover the contingency amount.[2] See ECF No. 132, at 2 (requesting allocation

---

[1] The court will not entertain the cost aspect of this motion, as the clerk of court ruled on that request pursuant to the district's local rules. See ECF No. 135.

[2] The court finds it convenient that plaintiff's counsels' stated fees are almost identical to the contingent fee award, if

2

of the entire $11.5 million award to plaintiff and Cordale Handy's next of kin). Plaintiff's counsel is certainly free to cede some or all of its contingency fee to plaintiff, but the court will not impose an unnecessary additional financial burden on defendants to compensate plaintiff for her counsel's generosity.

In so ruling, the court acknowledges that a contingency fee contract does not "establish an inflexible ceiling on the amount of fees that can be awarded under 42 U.S.C. § 1988." Sisco v. J.S. Alberici Const. Co., Inc., 733 F.2d 55, 57 (8th Cir. 1984). In this case, however, the court is wholly unpersuaded that additional fees should be awarded at all, let alone in the amount requested by plaintiff's counsel.

The court further notes that when there is a contingency fee arrangement and fees may also be awarded via statute, the fee award is limited to one or the other, not both. See Ross v. Douglas Cnty., Neb., 244 F.3d 620, 622 (8th Cir. 2001) (citing Talbott v. Bowen, 832 F.2d 111 (8th Cir. 1987) (noting that in Talbott, the court held that "where there exists a contingent fee contract along with a reimbursable attorney fee award under the Equal Access to Justice Act (EAJA), claimant's counsel is not entitled to receive

---

the requested 2.5 multiplier is applied. Given the vague nature of the billing statements by all counsel involved on plaintiff's behalf, see ECF Nos. 131-3, 131-5, 131-7, it appears that the bills may have been crafted to match the contingent fee number with the multiplier in mind.

3

both fees. Rather, counsel is limited to the award under the EAJA or the fee under the contract, whichever is greater."). Here, as the amounts are nearly identical, the court will adopt the parties' contingency fee arrangement, which should more than amply compensate plaintiff's counsel for their efforts here.

## II. Prejudgment Interest

Plaintiff also seeks $3,191,308 in prejudgment interest based on the $10 million damages award. She believes that the starting point for the analysis is $5 million, which is half of the award. She contends that prejudgment interest at a rate of ten percent accrued on April 12, 2017, the date she filed a previous case based on the same facts, and which she later voluntarily dismissed.[3] With plaintiff's requested end date of August 30, 2023, the amount totals $3,191,308. See ECF No. 131, at 4.

Defendants object to any award of prejudgment interest, arguing that it is inapplicable in this kind of case. The court agrees.

The decision to award prejudgment interest is within the sound discretion of the district court. Smith v. World Ins. Co., 38 F.3d 1456, 1467 (8th Cir. 1994). Prejudgment interest is typically awarded when the amount is "reasonably ascertainable" and will make the "claimant whole because he or she has been denied the use

---

[3] Plaintiff filed the instant case on February 20, 2020.

4

of the money." Winter v. Cerro Gordo Cnty. Conservation Bd., 925 F.2d 1069, 1073 (8th Cir. 1991). Prejudgment interest is designed to help "compensate plaintiffs for the true cost of money damages they have incurred." E.E.O.C. v. Rath Packing Co., 787 F.2d 318, 333 (8th Cir. 1986). Further, in cases "where liability and the amount of damages are fairly certain," it can "promote[] settlement and deter[] an attempt to benefit unfairly from the inherent delays of litigation." Id.

The general rule is that "prejudgment interest is a substantive remedy governed by state law when state-law claims are brought in federal court[.]" ResCap Liquidating Tr. v. Primary Residential Mortg., Inc., 59 F.4th 905, 922 (D. Minn. 2023). "The rule in Minnesota is that a plaintiff is entitled to pre-judgment interest on a liquidated claim, a sum certain, or on an unliquidated claim if the claim is ascertainable by computation or reference to generally recognized standards such as market value, and if the claim does not depend on a contingency." Taylor v. RayGo, Inc., 680 F.2d 1223, 1224 (8th Cir. 1982). "It is also the rule in Minnesota that pre-judgment interest is not allowed ... where the amount of the claim is dependent in whole or in part upon the discretion of the jury." Id.

Here, the only sum certain with respect to damages are the funeral expenses for Mr. Handy - $15,259.56. The bulk of the remaining award of $10 million cannot be tied to specific monetary

5

loss by plaintiff, but rather reflects the jury's determination as to the appropriate award to generally compensate the family for Mr. Handy's death.  Given that plaintiff did not provide the bases for specific monetary losses to the jury - other than funeral expenses – the court cannot conclude that the rest of the $10 million award is ascertainable.  As to the funeral expenses, because they are below the threshold amount of $50,000 set forth in Minnesota's prejudgment interest statute, the court declines to award prejudgment interest.  See Minn. Stat. § 549.09, subdiv. 1 (c)(1)(ii)(2) ("For a judgment or award over $50,000, other than a judgment or award for or against the state or a political subdivision of the state or a judgment or award in a family court action, the interest rate shall be ten percent per year until paid.").

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion for attorney's fees, costs, and interest [ECF No. 129] is denied.

Dated: October 3, 2023

s/David S. Doty
David S. Doty, Judge
United States District Court
