UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| KIM DIANE HANDY JONES, *as Trustee for the next of kin of Cordale Quinn Handy*, | Civil No. 20-707 (JRT/ECW) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S PRETRIAL MOTIONS** |
| CITY OF ST. PAUL, MINNESOTA; TODD AXTELL, *in his individual and official capacities as St. Paul Chief of Police*; MIKKO NORMAN, *St. Paul Police Officer, in his individual and official capacities*; NATHANIEL YOUNCE, *St. Paul Police Officer, in his individual and official capacities*; and JORDAN WILD, *St. Paul Police Officer, in his individual and official capacities*, | |
| Defendants. | |

---

Kenneth R. White, **LAW OFFICE OF KENNETH R. WHITE, P.C.**, 212 Madison Avenue, Suite 200, Mankato, MN 56001; Kevin William O'Connor, **O'CONNOR LAW FIRM, LTD.**, 19 South LaSalle, Suite 1400, Chicago, IL 60603; and Paul J. Bosman, 2136 Ford Parkway, Suite 5328, Saint Paul, MN 55116, for Plaintiff.

Anthony G. Edwards, **SAINT PAUL CITY ATTORNEY'S OFFICE, CIVIL LITIGATION DIVISION**, 750 City Hall and Courthouse, 15 West Kellogg Boulevard, Saint Paul, MN 55102; Stephanie A. Angolkar, **IVERSON REUVERS**, 9321 Ensign Avenue South, Bloomington, MN 55438, for Defendants.

Plaintiff Kim Diane Handy Jones, as trustee for the next of kin of Cordale Quinn Handy, initiated this action after Handy was shot and killed in 2017 by St. Paul police

officers. In preparation for retrial on the issue of compensatory damages, Handy Jones has filed pretrial motions seeking, among other things, to add additional compensatory damages and additional witnesses. The Court will deny Handy Jones's motion to add new compensatory damages but grant her motion to amend the witness list.

## BACKGROUND

Handy Jones initiated this action against the City of St. Paul and St. Paul police officers after her son, Cordale Quinn Handy, was shot and killed by police officers in 2017. The action progressed to a bifurcated trial on liability and damages. (*See* Pretrial Hr'g Tr. at 3:23–4:2, Aug. 14, 2023, Docket No. 120.) The jury found Officer Nathaniel Younce liable and awarded $10,000,000 in compensatory damages and $1,500,000 in punitive damages. (Jury Verdict at 1–2, Aug. 3, 2023, Docket No. 109 (liability); Jury Verdict at 1–2, Aug. 3, 2023, Docket No. 108 (damages).)

Officer Younce and the City of St. Paul, which is vicariously liable for Younce's actions, moved for remittitur on the $10,000,000 compensatory damage award. *Jones as Tr. for Handy v. City of St. Paul*, 715 F. Supp. 3d 1166, 1169 (D. Minn. 2024). U.S. District Judge David S. Doty granted the motion for remittitur because he found that the maximum compensatory damages the jury could have awarded was $2,500,000. *Id.* at 1170, 1172, 1175.

In considering the remittitur amount, Handy Jones sought to assert a new category of compensatory damages on retrial, namely for the pain and suffering that Handy may have suffered from the injuries he sustained before his death, as permitted under the

recently amended Minnesota Statute § 573.02, subdivision 1.  (Letter to District Judge at 1, Feb. 22, 2024, Docket No. 155.)   Because Handy Jones could have presented that evidence in the first trial, Judge Doty determined that in the event of a new trial, that new evidence would not be permitted.  (Order on Letter for Clarification at 1–2, Mar. 4, 2024, Docket No. 158.)

Handy Jones rejected remittitur and elected to proceed with a new trial on compensatory damages.  (Letter to District Judge, Mar. 15, 2024, Docket No. 159.)  The case was then reassigned to this Court.  (Order of Recusal and Direction of the Clerk of Court for Reassignment of Case, Mar. 19, 2024, Docket No. 160.)

In anticipation of the upcoming retrial on compensatory damages before the Court, Handy Jones filed pretrial motions seeking to claim additional compensatory damages, to attain reasonable attorney fees, and to allow additional witnesses to testify during the retrial.  (Mot. to Alter/Amend/Suppl., Sept. 13, 2024, Docket No. 170.)

## DISCUSSION

The issues are whether Handy Jones may assert a new category of compensatory damages and whether she can add additional witnesses to testify at the retrial.[1]  The Court will deny Handy Jones's motion to assert other damages but allow the additional beneficiary witnesses to testify.

---

[1] As the Court noted in the pretrial status conference on June 6, 2024, and as the parties agree, the issue of reasonable attorney fees can be addressed after the retrial on compensatory damages.

First, the Court will deny Handy Jones's request to assert damages for the conscious pain and suffering of the decedent, Cordale Handy, because the law of the case doctrine precludes Handy Jones from arguing a new category of damages at retrial. The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case," unless the decision was "clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618, 618 n.8 (1983)); *see also IBEW Loc. 98 Pension Fund v. Best Buy Co.*, 326 F.R.D. 513, 528–29 (D. Minn. 2018) (applying the law of the case doctrine to a motion to amend).

Here, Handy Jones became aware of the availability of these damages before the first trial on liability and damages, but she chose not to raise the issue then because it may have delayed trial. It was only after Judge Doty issued the remittitur order that Handy Jones inquired about the ability to present additional evidence on compensatory damages on retrial in light of the amended Minnesota statute. Because Handy Jones could have raised such an argument at the first trial and chose not to do so, the Court refused to allow the new category of damages in a new trial.

Because this issue has already been ruled on in this case, and the Court finds no clear error or manifest injustice in that ruling, Handy Jones's motion to add a new category of compensatory damages on retrial will be denied.

Second, the Court will grant Handy Jones's request to amend her witness list to add additional beneficiaries as witnesses in the retrial.[2] The Court has broad discretion to allow witnesses to testify, even absent adequate disclosure. *Citizens Bank of Batesville v. Ford Motor Co.*, 16 F.3d 965, 966 (8th Cir. 1994). Handy Jones did not disclose the beneficiaries as potential witnesses before the first trial, but Defendants were on notice of the beneficiaries' identities and thus will suffer no prejudice by virtue of the late disclosure. Further, each beneficiary serves as an appropriate witness to testify as to his or her loss as a result of Handy's death, so the testimony will be helpful to the jury in determining damages. Accordingly, the Court will grant Handy Jones's motion to allow additional witnesses and permit JaJuan Handy, Isaiah Jones, Angel Jones, and Whitney Jones to testify regarding damages.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Pretrial Motions [Docket No. 170] are **GRANTED in part** and **DENIED in part** as follows:

1. Plaintiff's Motion to Alter/Amend/Supplement Pleadings is **DENIED**;

2. Plaintiffs Motion for Reasonable Attorney Fees is **DENIED without prejudice**; and

---

[2] Because the Court is denying Handy Jones's request to add additional compensatory damages, testimony by Jordan Wild on conscious pain and suffering is unnecessary and will not be permitted.

3. Plaintiff's Motion to Allow Additional Witnesses is **GRANTED**, and JaJuan Handy, Isaiah Jones, Angel Jones, and Whitney Jones may testify.

DATED:  January 3, 2025
at Minneapolis, Minnesota.

*JOHN R. TUNHEIM*
United States District Judge