## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| KIM DIANE HANDY JONES, *as Trustee for the next of kin of Cordale Quinn Handy*,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ST. PAUL, MINNESOTA; and NATHANIEL YOUNCE, *St. Paul Police Officer, in his individual and official capacities*,<br><br>Defendants. | Civil No. 20-707 (JRT/ECW)<br><br><br><br>**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART THE MOTIONS IN LIMINE** |

---

Kenneth R. White, **LAW OFFICE OF KENNETH R. WHITE, P.C.**, 212 Madison Avenue, Suite 200, Mankato, MN 56001; Kevin William O'Connor, **O'CONNOR LAW FIRM, LTD.**, 19 South LaSalle, Suite 1400, Chicago, IL 60603; and Paul J. Bosman, 2136 Ford Parkway, Suite 5328, Saint Paul, MN 55116, for Plaintiff.

Anthony G. Edwards, **SAINT PAUL CITY ATTORNEY'S OFFICE, CIVIL LITIGATION DIVISION**, 750 City Hall and Courthouse, 15 West Kellogg Boulevard, Saint Paul, MN 55102; Stephanie A. Angolkar, **IVERSON REUVERS**, 9321 Ensign Avenue South, Bloomington, MN 55438, for Defendants.

Plaintiff Kim Diane Handy Jones, as trustee for the next of kin of Cordale Quinn Handy, initiated this action after Handy was shot and killed in 2017 by Saint Paul police officers. In preparation for retrial on the issue of compensatory damages, both parties have filed motions in limine. While the Court ruled on most of the motions during the

hearing,[1] it deferred ruling on Handy Jones's first motion in limine, which sought to exclude photographic and video evidence from the night Handy was killed, until it could review the evidence. After review, the Court finds that the video recorded by Markeeta Johnson-Blakney is relevant to the Cordale Handy's habits and lifestyle and that the probative value is not substantially outweighed by any unfair prejudice. *See* Fed. R. Evid. 403. However, the photographs of the bedroom by officers after the incident are needlessly cumulative and thus will be excluded. *Id.*

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motions in Limine [Docket No. 177] are **GRANTED in part** and **DENIED in part** as follows:

   a. Plaintiff's Motion 1 to exclude any mention of drugs, firearms or ballistic evidence found in the apartment of Markeeta Johnson-Blakney is **GRANTED in part** and **DENIED in part** as follows:

      i. The video evidence created by Markeeta Johnson-Blakney [Defendants' Proposed Exhibit No. 5] will be admitted; and

---

[1] Those rulings are included in the Order here, but the Court does not restate the oral reasoning already provided.

      ii. The photographs of the apartment after the incident [Defendants' Proposed Exhibit Nos. 9–11] will be excluded.

  b. Plaintiff's Motions 2, 3, 5, 6, 7, 11, 12, 14 are **GRANTED**;

  c. Plaintiff's Motion 4 is **DENIED**;

  d. Plaintiff's Motion 8 is **GRANTED in part** and limited to the facts provided by the Court in its statement of the case;

  e. Plaintiff's Motion 9 is **GRANTED in part** and **DENIED as moot** in part and no officers will be permitted to testify about the incident; and

  f. Plaintiff's Motions 10 and 13 are **DENIED as moot**.

2. Defendants' Motions in Limine [Docket No. 165] are **GRANTED in part** and **DENIED in part** as follows:

  a. Defendants' Motion 1 is **GRANTED in part** to exclude any broad sweeping statements about the "Golden Rule" or "Reptile Theory"; and

  b. Defendants' Motions 2 and 3 are **GRANTED**.

3. Defendants' Motion in Limine to exclude reference to police shootings [Docket No. 173] is **GRANTED**.


DATED: January 7, 2025
at Minneapolis, Minnesota.

                                                JOHN R. TUNHEIM
                                         United States District Judge